**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ALEXIS MALAGON SIRES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2650-HE** |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Alexis Malagon Sires, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Joe Heaton referred the case to the undersigned Magistrate Judge under

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

28 U.S.C. § 636(b)(1)(B) and (C). Doc. 5. The Government responded, Doc. 10, and Petitioner replied, Doc. 11.[3] So the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

## I. Factual background and Petitioner's claims.

Petitioner is a citizen of Cuba who entered the United States in 2014. Doc. 1, Ex. 16, at 5. He applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). *Id.* at 6. Petitioner is married to a United States citizen and also applied for I-130 adjustment of status. *Id.* Ex 5, at 2; Ex. 7, at 2.

Petitioner was taken into immigration custody on September 9, 2025. Doc. 1, at 7. On April 30, 2026, Petitioner's applications for asylum, withholding of removal, and protection under the CAT were denied and Petitioner was ordered removed. *Id.* at 4. Petitioner filed an appeal of his removal order, which remains pending. *Id.* at 4-5.

Petitioner filed his first habeas petition in this Court on July 28, 2026. *Id.* at 5; *Sires v. Warden*, Case No. 26-cv-1929-HE (*Sires I*). As the Court found,

[3] Petitioner also filed a Motion for Prompt Ruling and Immediate Release. Doc. 12. Petitioner's motion for a prompt ruling is moot. Petitioner's motion for immediate release should be denied, for the reasons below.

Petitioner's detention was governed by 8 U.S.C. § 1226(a) and ordered Respondents to provide Petitioner with a lawful bond hearing. *Sires I*, Doc. 8 (Order Aug. 24, 2026). Petitioner had a bond hearing on September 1, 2026, at which the immigration judge (IJ) found that Petitioner was a flight risk and denied bond. Doc. 1, Ex. 13.

Petitioner presents four claims for relief, all premised on the inadequacy of his bond hearing: (1) "failure to provide the lawful and meaningful bond hearing ordered by the federal district court"; (2) "unsupported and internally inconsistent flight-risk determination"; (3) "reliance on speculative future immigration relief to determine flight risk"; and (4) "continued detention despite active pursuit of all available legal remedies." *Id.* at 7-8.

**II. Standard of review.**

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d

1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. The Court cannot encroach upon an IJ's discretionary weighing of the evidence.

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under § 1226(a), "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or

unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 675 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 675 (quoting *Arrellano v. Sessions,* 2019 WL 3387210, at *7 (W.D.N.Y. July 26, 2019)).

Petitioner received a bond hearing, at which he was represented by counsel. Doc. 1, Ex. 13. The IJ considered Petitioner's history of employment and his U.S. citizen sponsor and spouse. *Id.* at 5. The IJ also considered Petitioner's applications for asylum, withholding of removal, and protection under the CAT, which were denied, and his I-130 application, which the IJ found was unlikely to be granted. *Id.* at 6. The IJ found that Petitioner's "limited options to lawfully remain in the United States and the speculative likelihood that relief from removal would be granted substantially increase his flight risk[.]" *Id.* The IJ, based on those factors, denied Petitioner's request for bond, determining he did not establish he was not a flight risk. *Id.* Although

these findings may appear rote, the undersigned concludes the hearing comported with due process. Petitioner's appeal before the Board of Immigration Appeals remains pending. *See* Doc. 1, Ex. 14; 8 C.F.R. § 1003.19(f); 8 C.F.R. § 1236.1(d)(3). Given the IJ's finding that Petitioner did not establish he was not a flight risk, the undersigned recommends the Court deny habeas relief because Petitioner has not been deprived of an individualized custody determination.[4]

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court deny Petitioner's petition for a writ of habeas corpus, Doc. 1. Adoption of this Report and Recommendation would render moot any outstanding motions, Doc. 12.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 16, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate

[4] Respondents briefly allege that Petitioner has abused the writ. Doc. 10, at 2-4. But Petitioner here challenges the adequacy of his bond hearing, which had not taken place when he filed his first petition. This petition does not raise the same claims as the first or "a claim that could have been presented in an earlier petition but was not." *Stanko v. Davis*, 617 F.3d 1262, 1269-1270 (10th Cir. 2010).

review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 25th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE